GMAC MORTGAGE CORPORATION, Doing Business as DITECH.COM, Appellant, v SUNG SOOK PARK et al., Defendants, and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under the Pooling and Servicing Agreement Services ITF RAST ARM 12, Respondent. [860 NYS2d 122]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 8, 2007, which granted the motion of the defendant Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement Services ITF RAST ARM 12, to vacate the judgment of foreclosure and sale entered December 11, 2006, insofar as against the defendant Across Nations Mortgage Bankers, and to compel the plaintiff to accept the answer of the defendant Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement Services ITF RAST ARM 12, as assignee of the defendant Across Nations Mortgage Bankers, and to stay the sale of the subject premises pursuant to the judgment of foreclosure and sale pending the determination of its interest in the proceeds of the sale.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to stay the sale of the subject premises pursuant to the judgment of foreclosure and sale pending the determination of the interest of the defendant Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement Services ITF RAST ARM 12, in the proceeds of the sale, and substituting therefor a provision directing that the sale go forward and the proceeds of the sale of the subject premises pursuant to the judgment of foreclosure and sale be placed in escrow pending the determination of the interest of the defendant Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement Services ITF RAST ARM 12, in the proceeds of the sale and the priority of the respective mortgages; as so modified, the order is affirmed, without costs or disbursements.

In this action to foreclose a mortgage, the defendant Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement Services ITF RAST ARM 12 (hereinafter Deutsche Bank), moved, inter alia, to vacate the judgment of foreclosure and sale, contending that it is the assignee of a mortgage given by the defendant Across Nations Mortgage Bankers (hereinafter Across), which defaulted in the action, and that it has a potentially meritorious defense based on the doctrine of equitable subrogation. We agree with the Supreme Court's determination vacating the judgment of foreclosure and sale, insofar as against Across, to permit Deutsche Bank to appear in the action as assignee of Across, and to assert the defense of equitable subrogation (*see* CPLR 5015 [a] [1]).

Deutsche Bank was not named as a defendant to the action, apparently because the assignment of the mortgage by Across to it was never recorded. However, it is undisputed that Across had a mortgage on the premises in the principal sum of $510,000. Based on its contention that Across assigned that mortgage to it, Deutsche Bank had standing as an interested party to seek to vacate the judgment pursuant to CPLR 5015 (a) (1) (*see Oppenheimer v Westcott,* 47 NY2d 595 [1979]). While the plaintiff correctly contends that Deutsche Bank was not a necessary party when this action was commenced, as the assignment of mortgage was never recorded, the default of Across was excusable on the ground that it had assigned the mortgage to Deutsche Bank.

Since the only issue remaining to be determined is the priority of the respective mortgages on the property, the order should be modified by deleting the provision thereof granting that

branch of the motion of Deutsche Bank which was to stay the sale of the subject premises pending the determination of its interest in the proceeds of the sale, and substituting therefor a provision directing that the sale go forward and the proceeds of the sale be placed in escrow pending the Supreme Court's determination of the interest, if any, of Deutsche Bank in the proceeds of the sale and the priority of the respective mortgages. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.